IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: _____

| | |
|---|---|
| TERESA MARIE REDD, | |
| PLAINTIFF, | |
| v. | **COMPLAINT** (Federal Tort Claims Act) |
| ROBERT F. PATTERSON, JR., in his individual capacity and in his official capacity for, THE UNITED STATES OF AMERICA, U. S. DEPARTMENT OF DEFENSE, U. S. DEPARTMENT OF THE NAVY, UNITED STATES MARINE CORPS, and THE UNITED STATES OF AMERICA, U. S. DEPARTMENT OF DEFENSE, U. S. DEPARTMENT OF THE NAVY, UNITED STATES MARINE CORPS, | |
| DEFENDANTS. | |

**Now comes Plaintiff**, complaining of the Defendants, and alleges and says as follows:

## RULE 8 JURISDICTIONAL STATEMENT

1. This matter is filed in this Federal District Court, and this Court has jurisdiction pursuant to the Federal Tort Claims Act, Title 28, Chapter 171. The United States of America has waived any and all sovereign immunity in this matter by and through Congressional adoption of the Federal Tort Claims Act. This lawsuit is filed after due denial of a Federal Tort Claim previously filed, and after due denial of a timely and valid Amended Tort Claim and Request for Reconsideration. A letter denying the Request for Reconsideration (four [4] pages) is attached hereto as Exhibit A. Said letter requires that suit be filed in Federal District Court on or before

1

November 16, 2007. Upon information and belief, Plaintiff has met all conditions precedent, and has exhausted all administrative remedies, and now has standing to file this lawsuit;

## VENUE

2. This action properly lies in the United States District Court for the Eastern District of North Carolina, Southern Division, pursuant to 28 U.S.C. §1402(b), since the Plaintiff resides in this district and, upon information and belief, the act complained of herein occurred in this district;

## FURTHER JURISDICTIONAL ALLEGATIONS

3. Upon information and belief, the Plaintiff, Teresa Marie Redd, is a citizen and resident of Wilmington, New Hanover County, North Carolina;

4. Upon information and belief, the Defendant, Robert F. Patterson, Jr., is a citizen and resident of Jacksonville, Onslow County, North Carolina. He is named herein in his personal and official capacity, where designated;

5. Upon information and belief, the Defendant, the United States Marines Corps, is a branch of the United States Military, under the authority of the U. S. Department of the Navy, which is under the authority of the U. S. Department of Defense, which is a Cabinet Department of the United States of America (hereinafter identified, "United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps");

## FIRST CAUSE OF ACTION--NEGLIGENCE AND NEGLIGENCE PER SE AS TO DEFENDANT ROBERT F. PATTERSON, JR., IN HIS INDIVIDUAL CAPACITY

6. On or about July 12, 2005, at approximately 12:30 p.m., the Plaintiff, Teresa Marie Redd, was a traveling in her 2002 Isuzu vehicle, owned by her employer, in a northwesterly

2

Case 7:07-cv-00142-H   Document 1   Filed 08/21/07   Page 2 of 8

direction along NC Highway 210, at or near the intersection of NC Highway 210 and NC Highway 172, in or around the City of North Topsail Beach, Onslow County, North Carolina;

7. At the time and place set forth above, the Defendant, Robert F. Patterson, Jr., was operating his 2004 Dodge vehicle, owned by him, in a southeasterly direction along NC Highway 210, at or near the intersection of NC Highway 210 and NC Highway 172, in or around the City of North Topsail Beach, Onslow County, North Carolina;

8. Upon information and belief, at the time and place set forth above, the Defendant, Robert F. Patterson, Jr., attempted to make a left turn onto NC Highway 172, without looking, and without ensuring that such turn could be made in safety, and pulled into the path of the Plaintiff's vehicle, causing a collision with the Plaintiff's vehicle;

9. The collision described above was the sole, direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr.;

10. The Defendant, Robert F. Patterson, Jr., was negligent in that he, among other acts and omissions:

    a. Turned left in front of approaching traffic, in violation of N. C. Gen. Stat. §20-155;

    b. Failed to give approaching vehicle one half of the roadway, in violation of N. C. Gen. Stat. §20-148;

    c. Failed to drive on the right half of the highway, in violation of N. C. Gen. Stat. §20-146;

    d. Drove in a careless and reckless matter, in violation of N.C. Gen. Stat. §20-140;

3

Case 7:07-cv-00142-H   Document 1   Filed 08/21/07   Page 3 of 8

  e. Failed to reduce his speed when approaching and crossing an intersection, in violation of N.C. Gen. Stat. §20-141;

  f. Failed to keep a proper lookout and keep his vehicle under proper control;

  g. Made a dangerous movement with his vehicle without first ensuring that such movement could be made in safety;

  h. Otherwise failed to act as an ordinary, reasonable and prudent person would act under the same or similar circumstances;

11. As a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his individual capacity, the Plaintiff, Teresa Marie Redd, received serious, painful, and upon information and belief, permanent bodily injuries, causing her to incur medical and other expenses that are ongoing and indeterminate, but that, upon information and belief, exceed $200,000.00 to date;

12. As a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his individual capacity, the Plaintiff, Teresa Marie Redd, has suffered lost wages and loss of income of approximately $60,000.00, and loss of future income, and loss of future earning capacity, in the approximate amount of $1,150,000.00;

13. The Plaintiff, Teresa Marie Redd, at all relevant times herein, was acting in the course and scope of her employment, and her employer has accepted her claim as a compensable workers' compensation claim. Therefore, Plaintiff is required to reimburse her workers' compensation carrier, Harleysville Insurance, for any amount she receives in compensation from a third party, pursuant to N. C. Gen. Stat. 97-10.2. The amount of this claim is admissible in evidence against any third party, and upon information and belief, is approximately $260,000.00,

4

Case 7:07-cv-00142-H Document 1 Filed 08/21/07 Page 4 of 8

to date. This obligation to repay the workers' compensation carrier is a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his individual capacity;

## SECOND CAUSE OF ACTION

## NEGLIGENCE AND NEGLIGENCE PER SE

## AS AGAINST DEFENDANT, ROBERT F. PATTERSON, JR., IN HIS OFFICIAL CAPACITY FOR, AND AGAINST, DEFENDANTS THE UNITED STATES OF AMERICA, U. S. DEPARTMENT OF DEFENSE, U. S. DEPARTMENT OF THE NAVY, UNITED STATES MARINE CORPS, DEFENDANTS

14. Paragraphs 1-13 of Plaintiff's Complaint are incorporated herein by reference, except that Plaintiff does not allege in this cause of action that Defendant, Robert F. Patterson, Jr., was acting in his individual capacity, but that he was acting in his official capacity as set forth below;

15. Upon information and belief, at all relevant times described herein, the Defendant, Robert F. Patterson, Jr., was a Staff Sergeant in the United States Marine Corps, U. S. Department of the Navy, U. S. Department of Defense, United States of America, and was stationed at Camp Lejeune, Jacksonville, Onslow County, North Carolina;

16. Upon information and belief, on the morning of July 12, 2005, the Defendant, Robert F. Patterson, Jr., reported to his usual duty post as a Staff Sergeant, then left his post and completed one session of annual mandatory firearms training on or near Camp Lejeune, Jacksonville, Onslow County, North Carolina;

17. Upon information and belief, after completing said mandatory firearms training, the Defendant, Robert F. Patterson, Jr., was traveling from mandatory firearms training to his usual

duty post as a Staff Sergeant at Camp Lejeune, Jacksonville, Onslow County, North Carolina, on the public roads;

18. Upon information and belief, and based upon the facts set forth above, the Defendant, Robert F. Patterson, Jr., at the time of the collision described herein, was acting in the course and scope of his employment with the United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps, and was engaged in the work of, and was about the business of, the United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps, and the business he was about was within the course and scope of his employment with the Defendant, the United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps;

19. Upon information and belief, at all relevant times described herein, the Defendant, Robert F. Patterson, Jr., was in the uniform of his employer;

20. Upon information and belief, under the doctrines of agency and respondent superior, and other federal and state laws relating to vicarious liability, the Defendants, the United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps, are liable for all the damages proximately caused by the heretofore and hereinafter alleged negligence, of its heretofore and hereinafter alleged employee, agent or servant, Robert F. Patterson, Jr., to the Plaintiff, Teresa Marie Redd, and the Defendant, Robert F. Patterson, Jr., is liable to the Plaintiff, Teresa Marie Redd, in his official capacity;

21. As a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his official capacity, and as a direct and proximate result of the negligence of the United States of America, U. S. Department of Defense, U. S. Department of the Navy, United

6
Case 7:07-cv-00142-H   Document 1   Filed 08/21/07   Page 6 of 8

States Marine Corps, vicariously through him, the Plaintiff, Teresa Marie Redd, received serious, painful, and upon information and belief, permanent bodily injuries, causing her to incur medical and other expenses that are ongoing, but that, upon information and belief, exceed $200,000.00, to date;

22. As a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his official capacity, and as a direct and proximate result of the negligence of the Defendants, United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps, vicariously through him, the Plaintiff, Teresa Marie Redd, has suffered lost wages and loss of income of approximately $60,000.00, and loss of future income, and loss of future earning capacity, in the amount of approximately $1,150,000.00, to date;

23. The Plaintiff, Teresa Marie Redd, at all relevant times herein, was acting in the course and scope of her employment, and her employer has accepted her claim as a compensable workers' compensation claim. As such, Plaintiff is required to reimburse her employer through its workers' compensation carrier, Harleysville, for any amounts it has paid on said claim, from any amount she receives in compensation from a third party, pursuant to N. C. Gen. Stat. 97-10.2. The amount of this claim is admissible in evidence against any third party defendant, and upon information and belief, is approximately $260,000.00. This obligation to repay the workers' compensation carrier is a direct and proximate result of the negligence of the Defendant, Robert F. Patterson, Jr., in his official capacity, for the Defendants, United States of America, the U. S. Department of Defense, the U. S. Department of the Navy, the United States Marine Corps, and Defendants, United States of America, the U. S. Department of Defense, the U. S. Department of the Navy, and the United States Marine Corps;

## CONSOLIDATED PRAYER FOR RELIEF

**Wherefore,** Plaintiff prays that she have and recover of the Defendants, Robert F. Patterson, Jr., in his individual capacity, Robert F. Patterson, Jr., in his official capacity for Defendants, United States of America, the U. S. Department of Defense, the U. S. Department of the Navy, and the United States Marine Corps, and the Defendants, United States of America, U. S. Department of Defense, U. S. Department of the Navy, United States Marine Corps, individually or jointly and severally, as follows:

1. All damages incurred or to be incurred in the amount of $2,000,000.00, or greater, with interest from the date suit was filed, where allowed by law;

2. For the costs of the action, where allowed by law;

3. For a reasonable attorney's fee, where allowed by law;

4. For a trial on all issues of fact raised herein, and by a jury, where allowed by law;

5. For all such other and further relief that the Court may deem just and proper;

Respectfully submitted this the 21st day of August 20 07.

DAVID AND ASSOCIATES, P.L.L.C.

_____
DAVID F. TURLINGTON
Attorney for the Plaintiff
1516 DawsonStreet
Wilmington, North Carolina 28401
Telephone: 910/251-8088
Facsimile: 910/251-8430
North Carolina Bar Number: 20165
Email: dturlington@davidandassociates.com

(A four-page letter denying Request for Reconsideration is attached to this Complaint as a document entitled, "Exhibit A.")

## END OF COMPLAINT!